UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| DENNIS R. FREEMAN, JR., | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | CAUSE NO. 3:17-CV-789-RLM-MGG |
| WARDEN, | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Dennis R. Freeman, Jr., a prisoner without a lawyer, filed a habeas petition under 28 U.S.C. § 2254 challenging his state convictions and 7-year sentence for battery, criminal recklessness, intimidation, and resisting law enforcement in Case No. 02D06-1511-F5-329 by the Allen County Superior Court on June 3, 2016. ECF 1.

Before considering the petition's merits, the court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); Lewis v. Sternes, 390 F.3d 1019, 1025 (7th Cir. 2004). As the our court of appeals has explained:

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, see 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts . . . . Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory.

Id. at 1025-1026 (internal citations and quotation marks omitted). Until exhaustion has occurred, federal habeas relief isn't available. See id.

Upon review of the online court dockets, Mr. Freeman didn't try to transfer his direct appeal to the Indiana Supreme Court, https://publicaccess.courts.in.gov/docket/Search/ Detail?casenumber=02A03-1606-CR-01386, and his post-conviction petition remains pending in the state trial court. https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6Ik1qZzVNREV3TnpFMk1URXhPamt5TnpNNU5UY3lOams9In19/. Mr. Freeman hasn't yet exhausted his state court remedies. He can't obtain federal habeas relief until he does so. 28 U.S.C. § 2254(b)(1)(A). The court must dismiss his petition, but the dismissal will be without prejudice to his right to file a new petition after he exhausts his available state court remedies.

When dismissing a habeas corpus petition because it is unexhausted, "[a] district court [is required] to consider whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review." Dolis v. Chambers, 454 F.3d 721, 725 (7th Cir. 2006). The Indiana Court of Appeals affirmed Mr. Freeman's conviction and sentence on March 30, 2017. Freeman v. State, 02A03-1606-CR-1386, slip op. (Ind. Ct. App. March 30, 2017). Mr. Freeman's one-year limitations period to file in federal court began to accrue on June 28, 2017, after his time to file a petition to transfer his direct appeal with the Indiana Supreme Court expired. Ind. R. App. P. 57(C)(1). However, his limitations

period was tolled upon his filing of a post-conviction relief petition on May 16, 2017. This petition remains pending in the Allen County Superior Court. It appears as though Mr. Freeman will still have all of his 365 days to file a federal habeas corpus action after the completion of his State post-conviction relief proceedings. Dismissing this petition won't effectively end his chance at habeas corpus review because he will have ample time to return to this court after he exhausts his claims in State court. Thus, in this case a stay would not be appropriate.

Finally, the court must consider whether to grant or deny a certificate of appealability. Section 2254 Habeas Corpus Rule 11. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, a petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). There is no basis for finding that jurists of reason would debate the correctness of this procedural ruling, so there is no basis for encouraging him to proceed further in federal court until he has exhausted his claims in State court. Thus, a certificate of appealability must be denied.

For these reasons:

(1) Dennis Freeman's petition (ECF 1) is DISMISSED pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES because the claims are unexhausted; and

(2) Dennis Freeman is DENIED a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11.

SO ORDERED.

ENTERED: November 17 , 2017        /s/ Robert L. Miller, Jr.
                                                            Judge
                                                            United States District Court